# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ORLANDO PEREZ-MARTINEZ,**

      **Plaintiff,**

**vs.**                            **Case No.: 4:16cv192-WS/CAS**

**ROBERT RALPH,**

      **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

After the conclusion of the discovery period on April 21, 2017, *see* ECF No. 28, Defendant Ralph filed a motion for summary judgment, ECF No. 31, on May 12, 2017, supported by an additional exhibit which was separately filed, ECF No. 32. An Order was entered on June 12, 2017, directing Plaintiff to file his opposition by July 13, 2017. ECF No. 33. Nothing was received from the pro se Plaintiff by that deadline, but on October 13, 2017, a notice was received from Plaintiff, ECF No. 34, written in Spanish. An Order was entered on October 16, 2017, advising that the notice had been reviewed, but stating that no further action would be taken

on that document because a "notice is not a motion." ECF No. 35. It is important to note, however, the Plaintiff's notice indicates Plaintiff was aware that his deadline to respond to the summary judgment motion had expired on July 13, 2017. *Id.* Plaintiff did not, however, request additional time in which to respond to the summary judgment motion. At this point, that deadline has expired and Defendant's summary judgment motion, ECF No. 31, is unopposed.

Moreover, Plaintiff's copy of that last Order, ECF No. 35, was returned to the Court as undeliverable. ECF No. 36. A new address was obtained by the Clerk's Office and it was remailed to Plaintiff at a new institution. No notice of change of address has been filed. It would appear that Plaintiff has abandoned this litigation. That appearance is made stronger by the fact that in reviewing this case and seeking to determine if Plaintiff remained incarcerated, it is noted that Plaintiff's address has changed yet again. Plaintiff is now incarcerated at Mayo Correctional Institution Annex and is no longer at Taylor Correctional Institution. The Clerk of Court is directed to mail this Order and Report and Recommendation to Plaintiff at that location.

**Allegations of the Complaint**

Plaintiff alleged that Defendant Ralph, the librarian at his prison, used unnecessary and excessive force against him.  ECF No. 1 at 6.  Plaintiff alleged that the force took place on March 25, 2014, in the library.  Plaintiff claims he attempted to move away from Defendant Ralph, who was enraged, but was unable to do so.  *Id.* at 7.  Despite being "passive and compliant," Defendant slammed him to the ground and beat Plaintiff until several other inmates pulled Defendant Ralph off the Plaintiff.  *Id.*

**Summary Judgment Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must then show[1] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case."  Id. at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Additionally, "the issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348,

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

1356, 89 L. Ed. 2d 538 (1986) (other citations omitted). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (noting that a "scintilla of evidence" is not enough to refer the matter to a jury). The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)). All "justifiable inferences" must be resolved in the light

most favorable to the nonmoving party, Beard, 548 U.S. at 529, 126 S. Ct.

at 2578 (noting the distinction "between evidence of disputed facts and

disputed matters of professional judgment."),[2] but "only if there is a

'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127

S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoted in Ricci v. DeStefano, 557

U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009)).  "Where

the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec.

Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356 (other citation omitted).

**The Undisputed Rule 56(e) Evidence**

Defendant's Exhibit A is an investigative report from the Office of the

Inspector General.  ECF No. 31-1 (Ex. A).  This report indicates that the

Department of Corrections was informed in early April 2014 of an incident

in which "the civilian librarian, Mr. Robert Ralph . . . cursed" at Plaintiff and

"physically threw [Plaintiff] to the floor in the law library at Jefferson

---

[2]  Noting that deference must be given "to the professional judgment of prison administrators," the Court stated that "[u]nless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." Beard, 548 U.S. at 530, 126 S. Ct. at 2578 (citing Overton v. Bazzetta, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167, 156 L. Ed. 2d 162 (2003)).

Case No.: 4:16cv192-WS/CAS

Correctional Institution on March 24, 2014."[3]  ECF No. 31-1 at 4.  The

Office of the Inspector General conducted an investigation and took

Plaintiff's sworn statement.[4]  *Id.* at 1, 4.

Plaintiff said that he went to the library to get envelopes for legal mail.

ECF No. 31-1 at 4.  Defendant Ralph came out of his office to give Plaintiff

envelopes, but Plaintiff said Defendant Ralph did not want to give him one

of the envelopes.  *Id.*  While Plaintiff was attempting to explain what the

envelopes were for, Defendant Ralph called over another inmate to

interpret for him.  *Id.*  Plaintiff, however, had experienced some type of

issue in the past with that inmate, and the inmate did not want to interpret

for him.  *Id.*  As Plaintiff continued trying to explain to Defendant Ralph

about his papers, Defendant Ralph "jumped up from the table, slapped him

with an open hand in the chest, and threw him to the floor."  *Id.*  At another

point Plaintiff said that after he was slapped, Defendant Ralph "grabbed

him by the shirt" and threw him to the floor.  *Id.*  Mr. Ralph was on top of

---

[3] Plaintiff's complaint alleged that the incident took place on March 25, 2014.  ECF No. 1.  The evidence, however, indicates the correct date is March 24, 2014.  ECF No. 31.  Any dispute over the correct date is immaterial to resolution of Plaintiff's Eighth Amendment claim against Defendant Ralph.

[4] Defendant did not provide a sworn statement or affidavit as evidence.  Plaintiff was interviewed by Inspector Kevin Ortiz in Spanish.  ECF No. 31-1 at 1.

him and Plaintiff held Defendant Ralph's hands so he would not hit him

again. *Id.* Inmate Del Rio was present and "got Mr. Ralph off him."

Plaintiff had inmate Del Rio translate for him and ask Mr. Ralph what the

problem was, saying he had never disrespected Mr. Ralph. *Id.* When

inmate Del Rio asked Plaintiff's question, Mr. Ralph lowered his head and

went into his office. *Id.* The next day, Plaintiff received his envelopes and

legal mail. *Id.*

Plaintiff said Defendant Ralph did not touch him again and Plaintiff's

only injury was "a red colored bruise" which was "gone by the afternoon."

*Id.* Plaintiff did not seek medical attention and there is no documentation of

injury. *Id.* Other inmates who saw what happened between Plaintiff and

Defendant Ralph declined to talk to the Inspector because they did "not

want to get involved." ECF No. 31-1 at 4.

Defendant Ralph also provided the declaration of Dr. Maier in support

of his summary judgment motion. ECF No. 31-3 (Ex. D). Dr. Maier

reviewed Plaintiff's medical records and declared that Plaintiff has a

congenital medical condition which was diagnosed in 2013 as a "left frontal

lobe arterio-venous malformation ('AVM')." *Id.* at 2. That condition "was

not caused by any head trauma" as Plaintiff has asserted but, rather, "is a

congenital vascular deformity" which was present at birth. *Id.* Dr. Maier explains in his declaration that the symptoms Plaintiff experienced after his encounter with Defendant Ralph were "not significantly different than any that were documented" prior to the March 2014 incident. *Id.* Additionally, Dr. Maier points out that Plaintiff was seen on March 27, 2014, in the Doctor's Clinic but "did not mention any injuries." *Id.*

**Analysis**

Defendant Ralph seeks summary judgment in his favor on the basis that, to the degree he is sued in his official capacity for damages, he has Eleventh Amendment immunity. ECF No. 31 at 10-11. Further, Defendant Ralph contends that Plaintiff is not entitled to compensatory or punitive damages against him in his individual capacity pursuant to 42 U.S.C. § 1997e(e) because there is no showing of physical injury. *Id.* at 11-16. These arguments are not rebutted by Plaintiff and, because they are legally correct, the motion for summary judgment should be granted.

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d

114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

Thus, a suit under § 1983 against a state official sued in his or her official capacity is barred unless it meets one of three exceptions. The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to

abrogate States' immunity.").  In enacting § 1983, Congress did not

abrogate a state's immunity, <u>Quern v. Jordan</u>, 440 U.S. 332, 99 S.Ct. 1139,

59 L. Ed. 2d 358 (1979); <u>Edelman v. Jordan</u>, 415 U.S. 651, 94 S.Ct. 1347,

39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment

sovereign immunity and consented to suit in federal court under § 1983.

<u>Gamble</u>, 779 F.2d at 1520.

The third exception is through <u>Ex Parte Young</u>, 209 U.S. 123, 28

S.Ct. 441, 52 L. Ed. 714 (1908).  *See* <u>Idaho v. Coeur d'Alene Tribe of</u>

<u>Idaho</u>, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997)

(reaffirming that prospective relief may be sought against a state official in

federal court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999)

(citing <u>Summit Med. Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir.

1999).  Here, Plaintiff does not seek prospective injunctive relief.  ECF No.

1 at 11.  Rather, he has sued the Defendant for a past constitutional

violation and he seeks monetary damages only, both compensatory and

punitive damages.  Although Plaintiff did not clearly specify whether he

sued the Defendant in his official or individual capacity, to the degree the

complaint is liberally construed as bringing his claim against the Defendant

in both of those capacities, the Eleventh Amendment bars his claims.

Summary judgment should be granted in favor of Defendant Ralph as to

the official capacity claim, leaving only an individual capacity claim against

the Defendant.

As noted above, Plaintiff seeks both compensatory damages and

punitive damages as relief.  ECF No. 1 at 11.  The undisputed evidence in

this case shows that Plaintiff did not suffer any physical injury as a result of

Defendant Ralph's conduct.  The Prison Litigation Reform Act [PLRA] bars

a request for compensatory and punitive damages in the absence of

physical injury, limiting any possible award to nominal damages only.  42

U.S.C. § 1997e(e);[5] Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir.

2011); Harris v. Garner, 216 F.3d 970 (11th Cir. 2000),[6] *reinstating in part*

190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558,

263 F.3d 169 (11th Cir. 2001) (Table).  In light of that limitation,

Defendant's motion for summary judgment should be granted.

---

[5] The statute provides: "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."  42 U.S.C. § 1997e(e).

[6] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

Page 13 of 17

Although it was not argued by Defendant Ralph, the undisputed evidence in this case demonstrates that Plaintiff did not suffer any physical injury as a result of his encounter with Defendant Ralph beyond a bruise. *See* ECF No. 31 at 16. Furthermore, Defendant Ralph's use of force was minimal. Because there is no evidence of excessive force or more than a "de minimis" injury, Plaintiff's Eighth Amendment claim is insufficient.

The Eighth Amendment forbids cruel and unusual punishment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). A claim that prison officials unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause. The core judicial inquiry for this claim is the standard set forth in Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) (quoting Whitley, at 320-21, 106 S.Ct. at 1085). Here, there is no evidence to indicate that the force used by Defendant Ralph was applied to maintain or restore discipline. Yet, there is also no evidence that the force used was applied "maliciously and sadistically for the very purpose of causing harm."

Case No.: 4:16cv192-WS/CAS

Analysis of an excessive force claim considers "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7; *see also* Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996). However, "[t]he extent of injury may also provide some indication of the amount of force applied." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010). As stated by the Supreme Court in Hudson, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" 503 U.S. at 9, 112 S.Ct. 995 (quoted in Wilkins, 559 U.S. at 37, 130 S. Ct. at 1178). "The Eighth Amendment's prohibition of `cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins, 559 U.S. at 37-38, 130 S. Ct. at 1178 (internal quotation marks omitted). The Court noted that an "inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38, 130 S. Ct. at 1178 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Case No.: 4:16cv192-WS/CAS

Unlike the <u>Wilkins</u> case, Plaintiff's complaint was deemed sufficient to state a claim and Defendant was required to respond to Plaintiff's allegations. Thereafter, it was incumbent upon Plaintiff to come forward with evidence sufficient to support his claim. Plaintiff has not done so.

This case is dissimilar to <u>Wilkins</u> because, there, the prisoner alleged that Officer Gaddy "snatched [Wilkins] off the ground and slammed him onto the concrete floor." 559 U.S. at 35, 130 S. Ct. at 1177. "Gaddy 'then proceeded to punch, kick, knee and choke [Wilkins] until another officer had to physically remove him from [Wilkins].'" *Id.* That is a prolonged physical assault which required medical treatment and which is "repugnant to the conscience of mankind" even if the prisoner did not suffer serious physical injury. <u>Wilkins</u>, 559 U.S. at 38-39, 130 S. Ct. at 1178-79.

Here, the undisputed evidence shows only that Defendant Ralph slapped Plaintiff in the chest with his open hand causing him to fall to the floor, and then grabbed Plaintiff by the shirt. Another inmate got Defendant Ralph off Plaintiff, who suffered only a bruise. These events are much more similar to the "push or shove" scenario rather than to an incident in which an officer beats or physically assaults a prisoner. *See* <u>Burke v. Bowns</u>, 653 F. App'x 683, 697 (11th Cir. 2016) (finding that officer's use of

Case No.: 4:16cv192-WS/CAS

force "was not 'of a sort repugnant to the conscience of mankind'" but "was materially similar to the 'push or shove' referenced in <u>Wilkins v. Gaddy</u>, which 'almost certainly fails to state a valid excessive force claim.'"). The evidence presented here is insufficient to show that Defendant Ralph "maliciously and sadistically" used force to harm Plaintiff. Rather, it demonstrates that Defendant Ralph lost his temper and self control. Defendant Ralph's actions were inappropriate, unprofessional, and must not be condoned. However, his actions did not cross the line such that they were unconstitutional. The force used was minimal and not excessive, and is insufficient to support a claim of unnecessary and excessive force. Summary judgment should be granted in favor of Defendant Ralph.

Because Defendant Ralph did not seek summary judgment on the basis that Plaintiff's claim was insufficient, Plaintiff did not previously have notice that judgment may be entered against him and this case conclude. Plaintiff is advised that if he objects to this recommendation and has not abandoned this litigation, he must timely file objections on or before **Friday, January 19, 2018**.

Accordingly, it is **ORDERED** that the Clerk of Court mail a copy of this Order and Report and Recommendation to Plaintiff at Mayo Correctional Institution Annex.

**Recommendation**

It is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, ECF No. 31, be **GRANTED**, and that judgment be entered in Defendant's favor and against Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2018.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**