# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ORLANDO PEREZ-MARTINEZ,**

   **Plaintiff,**

**vs.**                                    **Case No.: 4:16cv192-WS/CAS**

**ROBERT RALPH,**

   **Defendant.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Defendant Ralph's unopposed motion for partial summary judgment, ECF No. 31, was granted in late January 2018, ECF No. 41, and this case proceeds against Defendant Ralph in his individual capacity only as to Plaintiff's Eighth Amendment claim and supplemental state law claims for assault and battery.  ECF No. 1 at 9-11.

Subsequently, this case was remanded for further proceedings prior to scheduling the trial of this matter.  ECF No. 41.  Plaintiff has filed three prior motions for reconsideration, ECF No. 45, and all have been denied. ECF Nos. 43, 44, and 46.  Despite the last Order directing Plaintiff to not

file any further motions for reconsideration, ECF No. 47, Plaintiff has done so.  ECF No. 52.  Plaintiff's repetitive filings are not moving this case forward but slowing its progress.  This fourth motion is denied and Plaintiff is once again directed to cease filing motions for reconsideration for the reasons previously explained.  Plaintiff is also advised to use his time more efficiently to prepare for trial and obtain discovery necessary to prepare his case.

As directed previously, Plaintiff and Defendant have until **March 30, 2018**, to file a motion requesting any additional discovery they believe is necessary to prepare for trial.  ECF No. 46.  Any such motion must demonstrate both the need for additional discovery and diligence during the initial discovery period.  The parties must also clarify how much additional time is needed for the second discovery period, if requested.  Alternative, if no additional discovery is needed and a party is ready to proceed to trial, a response to this Order shall be filed stating that party's readiness by the same deadline.

Plaintiff additionally filed a notice concerning 28 U.S.C. § 144.  ECF No. 49.  That statute pertains to the bias or prejudice of a district court judge, not a magistrate judge, and Plaintiff provides no factual basis to show any such bias or prejudice.  However, Plaintiff's notice also

references 28 U.S.C. § 455 which concerns bias or prejudice of a

magistrate judge.  ECF No. 49 at 2.  In support of that notice, ECF No. 49,

Plaintiff also submitted an affidavit.  ECF No. 51.  The affidavit is

conclusory only and unsupported by any specific facts.

Although neither documents is styled or titled as a motion, together,

the documents demonstrate that Plaintiff is requesting that United States

Senior District Judge William Stafford and the undersigned Magistrate

Judge to recuse from this case.  The documents do not demonstrate a

personal bias or prejudice of either, and the fact that some rulings in this

case have not been in Plaintiff's favor does not show bias.  Rulings in a

case are not sufficient to support a motion requesting a judge to recuse or

disqualify himself.  Here, there is no personal knowledge of disputed

evidentiary facts, and no other reason exists under 28 U.S.C. § 455(b)

which requires the undersigned to be disqualified.  There is also no basis

for asserting that my "impartiality might reasonably be questioned."  28

U.S.C. § 455(a).  This Order does not speak for Judge Stafford, but as for

any request for recuse myself, it is denied.

Finally, Plaintiff submitted a motion for leave to file an amended

complaint.  ECF No. 48.  He simultaneously submitted what appears to be

a proposed "amended complaint."  ECF No. 50.  The basis for amending is

to add Secretary Julie Jones as a party to this litigation.  ECF Nos. 48, 50.

The proposed amended complaint, however, does not contain any factual

allegations against Defendant Jones which reveal a basis for a viable claim

against the Secretary.  Rather, it includes conclusory allegations which

Plaintiff attempted to bring previously against Defendant Hodgson.  Those

allegations are insufficient as Plaintiff was previously advised.  *See* ECF

No. 5.  Respondeat superior does not provide a basis for a claim in a civil

rights action brought under § 1983.  Because there is no basis alleged

which supports a claim against either the Secretary or Warden,[1] Plaintiff's

motion for leave to amend should be denied.

   Additionally, the motion should be denied because it comes too late

in this litigation.  This case has been pending for two years, summary

judgment has already been denied in part, and it is on the verge of trial.

The motion, ECF No. 48, should be denied.

---

[1] Plaintiff voluntarily dismissed his claim against the Warden, acknowledging there was no basis to proceed.  ECF No. 6.

**ORDERED**

Accordingly, it is **ORDERED**:

1.  Plaintiff's fourth motion for reconsideration, ECF No. 52, is

**DENIED**.

2.  Plaintiff's request for recusal as contained within his notice, ECF

No. 49, and affidavit, ECF No. 51, is **DENIED**.

3.  The parties have until **March 30, 2018**, to file a motion requesting

additional discovery prior to setting this case for trial.

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the

event his address changes, he is transferred, or released from custody.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to

amend his complaint, ECF No. 48, be **DENIED** and this case should

proceed on the complaint as filed.  It is additionally **RECOMMENDED** that

this case be **REMANDED** for further proceedings (post-summary judgment

discovery) prior to scheduling the trial.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**